# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00209-WYD-MEH

ZENTS, INC., a Colorado corporation,

    Plaintiff,

v.

LATHER, INC., A California corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon the stipulation of the parties to this action, it is hereby ORDERED that:

    1.    Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only." Any information which is publicly available, including any information which can be ascertained from examination of a product sold by any party, should not be designated as "Confidential" or "Attorneys' Eyes Only." A document should be designated "Confidential" when it contains confidential information that may be reviewed by a designated manager of the receiving party but must be protected against disclosure to unauthorized third parties.

    2.    A document should be designated "Attorneys' Eyes Only" when it contains trade secrets of a technical nature, such as information relating to product formulas, manufacturing methods, product development plans, or confidential business information such as marketing plans, customer lists, pricing plans, financial statements, supplier identities or other information which would put the producing person or entity at a competitive disadvantage if the information became known to the receiving party.

    3.    Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents may designate in writing, the things and

documents, (as defined in Rule 34 Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced. Each page of a document so designated must be marked "Confidential" or "Attorneys' Eyes Only" by the producing party.

4. With respect to deposition testimony, the witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction. During the deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel shall have the right, within ten (10) days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portion thereof. During the ten (10) day period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Testimony that has been designated "confidential" or Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page.

5. Any materials designated "Confidential" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to:

(a) Attorneys of record for the receiving party and their immediate staff;

(b) Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

(c) Independent experts whom the receiving party identifies to the producing party. If the producing party has any objection to the proposed independent expert, it shall so notify the receiving party in writing within the ten (10) day period. The parties will attempt to resolve any differences concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the Court as provided in paragraph 11 below. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue.

(d) Officers and directors of the parties.

6. Materials designated "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to persons identified in paragraph 5(a) through (c).

7. Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign a statement in the form of Exhibit A hereto indicating that he has read the order and agrees to comply with its terms, provided, however, that partners and employees of Blakely, Sokoloff, Taylor and Zafman, LLP and at Robinson, Waters & O'Dorisio, PC shall be exempt from the requirement to sign the Exhibit A statement.

8. No person to whom documents or information designated "Confidential" or "Attorneys' Eyes Only" are produced or disclosed (except for the Court) will disclose, copy, give, show, divulge, disseminate or otherwise use the documents or information, or the substance thereof, for any purpose whatsoever, except for the purpose of prosecuting or defending this action, including all appeals, and not for any other litigation or purpose.

9. The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents which would be in violation of this Order; provided, further, that the provisions of this paragraph are not self-executing and may not be invoked on a self-help basis. A party who contends that material designated as confidential (at either level) under this order should remain confidential shall have the burden of proving that contention in any proceeding where a confidentiality designation is at issue.

10. Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" or "Attorneys' Eyes Only" information will be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:

<u>"CONFIDENTIAL" [or "ATTORNEYS' EYES ONLY"]</u>

This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that order.

11. The parties shall cooperate with one another to minimize the need for filing documents under seal. For example, where the information that renders a document confidential is not germane to the issue to which the filing relates, the parties should agree to redaction of such information from the filed document of the substitution of "John Doe" names in place of real identities.

12. If, at any time during the preparation for trial or during the trial of this action, any party believes that any other party or non-party has unreasonably designated certain material as "Confidential" or "Attorneys' Eyes Only," or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an appropriate application to this Court upon notice to all parties and to any non-party who designated the material requesting that the specifically identified designated material be released from restriction under this Order or be available to specified other persons.

13. The Order may only be modified by an order of this Court.

14. Upon termination of this action, unless the attorneys of record otherwise agree in writing, each party shall assemble and return all designated materials, including copies, to the person(s) and entity from whom the material was obtained. The attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court.

15. If a document is inadvertently produced by either party without the appropriate confidentiality designation, the producing party may notify the receiving party of the oversight. Once notified, the receiving party shall treat the document as being appropriately designated and subject to this Order.

16. This Order shall not prejudice the right of any party or non-party to oppose production of any material on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

17. The parties agree that in the event of any actual or threatened breach of any of the covenants of this Protective Order and Confidentiality Agreement by or with the complicity of one of the parties to this Protective Order and Confidentiality Agreement, the non-breaching party will be entitled to relief pursuant to Colorado law, including equitable and injunctive relief. Nothing contained herein will be construed as prohibiting a party from pursuing any other remedies available to it for such breach or threatened breach, including the recovery of any damages that it is able to prove.

18. After termination of this litigation, including appeals, this Protective Order will continue to be binding on the parties hereto, and upon all persons to whom documents or information designated as "Confidential" or "Attorneys' Eyes Only" has been disclosed, for five (5) years, and this Court will retain jurisdiction over the parties for enforcement of its provisions.

Dated at Denver, Colorado this 18th day of July, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

# **CONFIDENTIALITY AGREEMENT**

1.    I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as ATTORNEYS' EYES ONLY and/or CONFIDENTIAL within the terms of the Stipulated Protective Order entered in the action entitled Zents, Inc., a Colorado corporation v. Lather, Inc., a California corporation, et al., United States District Court Case No. 1:08-cv-00209-WYD-MEH.

2.    I have read the aforementioned Stipulated Protective Order, and agree to be bound by it.

3.    I hereby agree to submit to the jurisdiction of the United States District Court for the District of Colorado for enforcement of the undertakings I have made.

4.    I declare the foregoing is true under penalty of perjury.

Dated: _____        _____
                                                                           NAME